**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| FRIENDS OF CEDAR MESA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 21-971 (RC) |
| | : | | |
| v. | : | Re Document No.: | 17 |
| | : | | |
| DEPARTMENT OF THE INTERIOR, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION & ORDER**

GRANTING THE STATE OF UTAH'S MOTION TO INTERVENE

**I.  INTRODUCTION**

Plaintiff Friends of Cedar Mesa, a non-profit conservation group located in Utah, initiated this action on April 8, 2021, to challenge an agency decision to offer thirty-two oil and gas leases in southeastern Utah.  Compl. ¶ 1, ECF No. 1.  Plaintiff sued the Department of the Interior, the Bureau of Land Management ("BLM"), and the Deputy State Director of the Division of Lands and Minerals in BLM's Utah Office—collectively, the Federal Defendants.  *Id.*  Plaintiff charges that the Federal Defendants violated the National Historic Preservation Act ("NHPA"), the National Environmental Policy Act ("NEPA"), the Administrative Procedure Act ("APA"), the Endangered Species Act ("ESA"), and their implementing regulations by using legally insufficient efforts to assess the leases' impacts on historic, cultural, and natural resources.  *Id.* ¶ 8.  Additionally, Plaintiff alleges that BLM violated the APA and NEPA because it failed to consider reasonable alternatives that might defer or apply protective stipulations to certain vulnerable lease parcels.  *Id.*  As relief, Plaintiff requests that this Court "hold unlawful and set aside Defendants' approval" of the thirty-two oil and gas leases.  *Id.* ¶ 9.

Now pending before this Court is the state of Utah's motion to intervene as a defendant. Mem. in Supp. of State of Utah's Mot. Intervene ("Mot. Intervene"), ECF No. 17. No existing party opposes Utah's motion. *See id.* at 2. When the proposed intervenors conferred with the other parties to this action, Plaintiff indicated that it would not take a position until it had time to review the motion to intervene, *id.*, and Plaintiff has not since expressed any opposition despite having ample time to do so. The Federal Defendants indicated that they would take no position on the matter. *Id.* As discussed below, the Court grants Utah's motion to intervene as a matter of right.

## II. ANALYSIS

Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); *see also Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) ("A district court must grant a timely motion to intervene that seeks to protect an interest that might be impaired by the action and that is not adequately represented by the parties."). The D.C. Circuit has held that Rule 24(a) requires that parties seeking to intervene as a matter of right establish four distinct elements: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's

2

interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)).[1]

With respect to the first element, "[t]o determine if a motion to intervene is timely, 'courts should take into account (a) the time elapsed since the inception of the action, (b) the probability of prejudice to those already party to the proceedings, (c) the purpose for which intervention is sought, and (d) the need for intervention as a means for preserving the putative intervenor's rights.'" *Friends of the Earth v. Haaland*, No. 21-2317, 2021 WL 5865386, at *2 (D.D.C. 2021) (quotations omitted).  The primary purpose for the timeliness requirement is preventing prejudice to existing parties from proposed intervenors who would unreasonably disrupt the litigation. *Roane*, 741 F.3d at 151.

Here, the litigation is still in its infancy.  The complaint was filed on April 8, 2021, the answer to the complaint was filed on September 21, 2021, and the motion to intervene was filed on December 15, 2021.  In past cases, this Court has found that, absent prejudice to existing parties, the timeliness element was met when parties moved to intervene prior to the deadline for defendants to serve the administrative record on other parties.  *See, e.g.*, *WildEarth Guardians v. Jewell* ("*WildEarth II*"), 320 F.R.D. 1, 3 (D.D.C. 2017).  Such is the case here—the original proposed briefing schedule was vacated at the existing parties' request due to a delay in creating

---

[1] Although "intervenors must demonstrate Article III standing," *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 193 (D.C. Cir. 2013), in this Circuit "[t]he standing inquiry is repetitive in the case of intervention as of right because an intervenor who satisfies Rule 24(a) will also have Article III standing," *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F. Supp. 2d 1, 7 (D.D.C. 2008); *see also WildEarth Guardians v. Salazar* ("*WildEarth I*"), 272 F.R.D. 4, 13 n.5 (D.D.C. 2010) ("In most instances, the standing inquiry will fold into the underlying inquiry under Rule 24(a): generally speaking, when a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and *vice versa*."). The Court thus does not separately analyze the movant's standing.

the administrative record, and the administrative record has not been served on other parties to date.  *See* Order Granting Joint Mot. Extend Admin. R. Deadline & Vacate Br. Schedule, ECF No. 22.  Moreover, none of the existing parties argue that intervention would be prejudicial.  *See* Mot. Intervene at 2, ECF No. 17.  Without any such opposition, there is no reason to believe that Utah's intervention will prejudice other parties.  *See Roane*, 741 F.3d at 152 ("[I]n the absence of any indication that [the party's] intervention would give rise to . . . prejudice, [the] motion was timely . . . ."); *W. Org. of Res. Councils v. Jewell*, No. 14-1993, 2015 WL 13711094, at *4, *20–21 (D.D.C. 2015) (holding that a motion to intervene was timely because it was unopposed by existing parties).  Accordingly, the Court finds that Utah's intervention is timely.

With respect to the second and third elements, the proposed intervenor must have "a legally protected interest in the action," and the action must jeopardize that interest.  *Karsner*, 532 F.3d at 885 (quoting *Prudential Sec. Inc.*, 136 F.3d at 156).  A sufficient interest is generally demonstrated "where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit."  *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 317 (D.C. Cir. 2015).  "The test operates in large part as a 'practical guide,' with the aim of disposing of disputes with as many concerned parties as may be compatible with efficiency and due process."  *WildEarth I*, 272 F.R.D. at 12–13.

Utah certainly has sufficient economic and regulatory interests at stake in this action.  Revenues from federal oil and gas leasing are shared between federal and state governments, and in 2019, this industry contributed $12.4 billion to the state's economy, Mot. Intervene at 6, ECF No. 17, "much of which" can be attributed to oil and gas leasing, *WildEarth II*, 320 F.R.D. at 4.  The industry has also generated over 100,000 jobs in Utah, furnishing $6.1 billion in wages annually to those workers.  Mot. Intervene at 6, ECF No. 17.  In turn, this provides the state with

4

income and sales tax revenue.  *Id.*  Additionally, during the initial leasing stage and onward, multiple state agencies are involved in regulating and assessing the environmental impact of oil and gas leases, including the thirty-two leases at issue in this action.  *Id.* at 5.  This Court has granted intervention to Utah in previous cases based on these same interests.  *See, e.g.*, *WildEarth II*, 320 F.R.D. at 4, 6 (granting Utah's motion to intervene in a case challenging oil and gas leases because of those leases' effects on the state's economy and regulatory interests).  Therefore, Utah has legally sufficient interests at risk of impairment by Plaintiff's challenge to the lease sales in this litigation.

As to the fourth element, the proposed intervenor must demonstrate only that existing parties' representation of their interests "'*may be*' inadequate."  *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citation omitted) (emphasis added).  "[T]he burden of making [this] showing should be treated as minimal."  *Id.*  The Federal Defendants, as agents of the federal government, do not necessarily have an interest in protecting the interests of Utah, a separate sovereign whose interests may be distinct from the federal government's.  *See Akiachak*, 584 F. Supp. 2d at 7 ("[T]he existing defendants, the DOI and the Secretary, have no clear interest in protecting Alaska's sovereignty or Alaska's interest . . . ."); *WildEarth II*, 320 F.R.D. at 5 ("While the [federal government's] duty runs to the interests of the American people as a whole, the state-intervenors will primarily consider the interests of their own citizens.").  The Federal Defendants may have to bear in mind policy considerations that the state government has no concern for, and vice versa.  *Id.*  Therefore, it is safe to say that the Federal Defendants' representation of Utah "may be" inadequate.  *Trbovich*, 404 U.S. at 538 n.10.

Lastly, no conditions need be placed on Utah's intervention because no existing party has suggested that this should be required.  *See* Mot. Intervene at 2, ECF No. 17.  Furthermore,

because the Court is granting Utah's motion to intervene before a briefing schedule has been set, conditions on Utah's intervention would be unnecessary.  There is no risk of undue delay or prejudice which calls for conditions.

In conclusion, Utah meets all four elements required to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).  Because the Court will grant Utah's motion to intervene on these grounds, it need not address Utah's arguments in the alternative requesting to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b).

### III.  CONCLUSION

For the foregoing reasons, the State of Utah's Motion to Intervene (ECF No. 17) is hereby **GRANTED**.

It is **FURTHER ORDERED** that the caption in this case is amended to reflect the same.

It is **FURTHER ORDERED** that the State of Utah's Proposed Answer (ECF No. 18), submitted to the Court on December 15, 2021, is hereby accepted as filed.

**SO ORDERED**.

Dated:  06/27/2022                                                                      RUDOLPH CONTRERAS

United States District Judge